GERALD B. MALANGA, ESQ. (SBN 167065)
**LATTIE | MALANGA | LIBERTINO, LLP**
3731 Wilshire Boulevard, Suite 860
Los Angeles, California 90010
(323) 938-3102 Telephone
(323) 938-0110 Facsimile

Attorneys for Plaintiff Sandy Garcia,
Individually and on behalf of all others
similarly situated individuals

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDY GARCIA, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>7-ELEVEN, INC., a Texas Corporation, and DOES 1 through 1,000, inclusive<br><br>Defendants. | Case No.:<br><br>**CLASS ACTION COMPLAINT**<br><br>1. **Cal. Comm. Code §2313**<br>2. **Cal. Civil Code §1750**<br>3. **Cal. Bus. & Profs. Code §17500 and**<br>4. **Cal. Bus. & Profs. Code §17200**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Sandy Garcia ("Plaintiff"), individually and on behalf of all others similarly situated, through the undersigned attorneys, upon personal knowledge as to her own actions and status, and upon information and belief based upon the investigation of counsel as to the remaining allegations, allege as follows:

## I.    <u>INTRODUCTION</u>

1.    This is a California statewide consumer class action brought by Plaintiff individually and on behalf of all individuals ("Class Members") who purchased Defendants' "7 Select Aloe

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

After Sun Burn Relief Gel" (collectively referred to as "the Product") for personal use and not for resale.

2.    Defendants advertise, market, sell, and distribute the Product. The Product's label declares it to be made of "Aloe" and it depicts a green multi-leafed aloe plant, implying that aloe vera is present in the Product. According to the Product's ingredient label, it contains "Aloe Barbadensis Leaf Extract." The Product itself is a green liquid, further implying that it is an Aloe product.

3.    In reality, according to independent laboratory tests, Defendants' ***Product contains no actual Aloe Vera at all.***

4.    Defendants' conduct breaches its express warranties with consumers, violates the California Consumer Legal Remedies Act, the California False Advertising Act, and the California Unlawful, and Fraudulent Business Practices Act.

5.    Plaintiff brings this action on behalf of herself and a class of purchasers to stop Defendants from mislabeling its skin gel as containing "Aloe" and/or "Aloe Barbadensis Leaf Extract" as an ingredient in the product.  In addition, Plaintiff, on behalf of herself and the proposed class, seeks restitution and other equitable, injunctive, declaratory, and monetary relief as set forth below.

## II.    PARTIES

6.    At all times relevant hereto, Plaintiff Sandy Garcia was a resident and citizen of Hawthorne, California. In 2017 she purchased the Product at a 7-Eleven retail location on Sunset Boulevard in Hollywood, California for personal use. Plaintiff read the Product label in the 7-Eleven store before she brought the Product. Plaintiff relied on the label's representations, including the images on the front of the Product and the ingredient list on the back of the Product which misled her into believing that the Product contained Aloe Vera. The supposed Aloe Vera content of

the Product was material to her decision to purchase, because she wanted Aloe Vera for its commonly understood recuperative skin-healing and sunburn-relief qualities.

7.    Plaintiff would not have purchased the Product had she known the Product did not contain Aloe Vera. Plaintiff suffered an injury in fact by purchasing the Product. Defendants' false, fraudulent, unfair, deceptive, and misleading practices set forth in this Complaint were the proximate cause of Plaintiff's injuries. Plaintiff's damages are the price she paid for the Product plus applicable sales taxes.

8.    Defendant, 7-ELEVEN, INC. is a Texas corporation with its headquarters and principal place of business in Irving, Texas.  7-ELEVEN, INC. is thus treated as a citizen of the state of Texas. It maintains a registered agent for service of process at Corporate Creations Network, Inc. at 1430 Truxton Avenue, 5th Floor, in Bakersfield, California 93301.  Plaintiff is informed and believes that there are 1,200 7-ELEVEN, INC. retail locations in the State of California.

9.     PLAINTIFF is currently ignorant of the true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants sued herein under the fictitious names DOES 1 through 1,000, inclusive, and therefore, sues each such Defendant by such fictitious names. Plaintiff will seek leave to amend this complaint to allege the true names and capacities of said fictitiously named Defendants when their true names and capacities have been ascertained. Plaintiff is informed and believes and based thereon alleges that each of the fictitiously named Doe Defendants is legally responsible in some manner for the events and occurrences alleged herein, and for the damages suffered by Plaintiff.

10.    All Defendants, including Does 1 through 1,000, are collectively referred to as "Defendants."

11.    Whenever this complaint refers to any act of Defendants, the allegations shall be

deemed to mean the act of those defendants named in the particular cause of action, and each of them, acting individually, jointly and severally, unless otherwise alleged.

12.     During the relevant period, Plaintiff and other Class Members purchased the Product through 7-ELEVEN retail locations. Plaintiff and Class Members suffered an injury in fact proximately caused by the false, fraudulent, unfair, deceptive, and misleading practices set forth in this Complaint.

## III.    JURISDICTION AND VENUE

13.     The Court has subject matter jurisdiction over Plaintiff's class claims pursuant to 28 U.S.C. 1332(d), because the combined claims of the proposed Class Members exceed $5,000,000, exclusive of interest and costs, and because 7-ELEVEN, INC. is a citizen of a different state than the named Plaintiff and Class Members.

14.     This Court has personal jurisdiction over Defendants because they conduct operations, sales, and distribution of their products in California, and the acts alleged herein originated in this District.

15.     Venue is proper in this District under 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to the claim occurred in this District and 28 U.S.C. § 1391(b)(3), in that 7-ELEVEN, INC. is subject to personal jurisdiction in this District.

## IV.    FACTUAL ALLEGATIONS

16.     Aloe Vera gel is made from an extract of the leaf of the Aloe Vera plant. Aloe Barbadensis is the scientific name of an aloe plant species that is widely used in the manufacturing of consumer products.

17.     Aloe Vera is used in many products marketed for recuperative, burn and/or sunburn relief. It is also a popular folk remedy, believed by some to treat everything from hypertension to the common cold when ingested.

18.    "The global market for Aloe Vera products is estimated to have reached $13 billion, according to information presented at a recent workshop held by the International Aloe Science Council."

19.    Defendants sell the Product with the front label of the bottle clearly referring to the Product as "with Aloe."

20.    The name "Aloe After Sun Relief Gel," the net weight, the terms, "with Lidocaine," "temporary pain relief," and "non-greasy" are the representations on the front of the Product. Together with a prominently stylized illustration of the multiple green leaves of an aloe plant that further conveys the importance of aloe as a Product ingredient, these claims comprise the entire front panel. The front packaging of the Product is the same or substantially similar to the below image:



CLASS ACTION COMPLAINT

21.     On the back, the ingredients list includes "Aloe Barbadensis Leaf Extract" as the first

inactive ingredient. The back packaging of the Product is the same or substantially similar to the

below image:



22.     Plaintiff's counsel had Defendants' Product tested utilizing proton nuclear magnetic

resonance spectrometry (H-NMR), and the results show that it does not contain any Aloe Vera or

Aloe Barbadensis Leaf Extract. Furthermore, Acemannan, a signature Aloe Vera chemical

component that indicates the presence of Aloe, was not detected in the sample of Defendants'

product.

23.     According to the American Herbal Pharmacopeia - Monograph on Aloe Vera Leaf,

Aloe Vera Leaf Extract, and Aloe Vera Inner Leaf Extract (2013), aloe leaf extract should contain

CLASS ACTION COMPLAINT

not less than 5% dry weight of acetylated polysacchardies (Acemannan) and not more than 5% dry weight of isocitric acid as determined by H-NMR. Products that do not contain Acemannan do not contain Aloe Vera and should not be labeled as aloe products.

24.     According to the International Aloe Science Council ("IASC"), "[p]roducts that do not contain Acemannan are not considered to be true aloe vera."

25.     The IASC tests aloe products and certifies those products that truly contain aloe, as indicated by the presence of aloe's signature chemical marker, Acemannan.

26.     Improper manufacturing and storage processes can produce products with little or no Acemannan.

27.     The results of H-NMR testing commissioned by Plaintiff's counsel on a bottle of the same Product as Plaintiff purchased show no trace of aloe. As such, Defendants' descriptions of the Product as being made with "Aloe" or "Aloe Barbadensis Leaf Extract" are false, deceptive, and misleading.

28.     The difference between the Product promised and the Product sold is significant. The lack of Aloe Vera in the Product diminishes its value to zero. Consumers, including Plaintiff and Class Members, would not have purchased the Product had they known the Product contains no detectable amount of aloe.

29.     Defendants knew or should have known the Product contains no detectable amount of aloe, and it developed and knowingly employed a marketing strategy designed to deceive consumers. In developing the Product labels, Defendants misrepresented the aloe content of the Product on the Product label, which misrepresentations were communicated to every person who purchased the Product via the words and picture on the label.

30.     Many companies sell lotions and gels designed to "cool" and "moisturize" the skin, but only a small percentage of those products include aloe, which is widely sought as a natural

CLASS ACTION COMPLAINT

treatment for burns and sunburn. Consumers looking for relief from the medicinal/healing properties associated with aloe would not have purchased Defendants' Product had they known the truth.

31.    The purpose of Defendants' scheme was to stimulate sales and enhance Defendants' profits.

32.    At all relevant times, Defendants directed the above-referenced statements and claims to consumers in general and Class Members in particular, as evidenced by their eventual purchases of the Product.

33.    Plaintiff and the other Class Members were in fact misled by Defendants' representations and marketing of its Product.

34.    The absence of Aloe Vera leaves no reason to purchase the Product at all, since other proven and less-expensive products exist.

35.    The Product is a "cosmetic" as defined under 21 U.S.C.S. § 32l(i).

36.    Defendants' deceptive statements violate 21 U.S.C.S. § 362(a), which deems a cosmetic product misbranded when the label contains a statement that is "false or misleading in any particular."

37.    The FDA promulgated regulations for compliance with the Food Drug & Cosmetics Act ("FDCA") at 21 C.F.R. §§ 701 et seq. (for cosmetics).

38.    Defendants' Product is misbranded under 21 C.F.R. § 701 .1 (b), which deems cosmetics misbranded when "(t]he labeling of a cosmetic which contains two or more ingredients [is designated] in such labeling by a name which includes or suggests the name of one or more but not all such ingredients." This is deemed misbranding "even though the names of all such ingredients are stated elsewhere in the labeling."

39. "Aloe Barbadensis Leaf Extract" is listed first of twelve inactive ingredients on the Product's back label, although the front label proclaims that the Product is made with "Aloe." 21 C.F.R. § 701.3{a) requires "[t]he label on each package of a cosmetic [to] bear the name of each ingredient in descending order of predominance .... " It is impossible "Aloe Barbadensis Leaf Extract" could be the most predominant inactive ingredient in the Product, since the Product contains none of the chemical markers of Aloe Vera. The labeling is thus a violation of§ 70 l.3(a).

40.     The introduction of misbranded cosmetics into interstate commerce is prohibited under the FDCA and all parallel state statutes.

41.     The difference between the Product promised and the Product sold is significant. The lack of Aloe Vera in the Product diminishes its value to zero. Consumers, including Plaintiff and Class Members, would not have purchased the Product had they known the Product contains no detectable amount of Aloe Vera.

## V.    CLASS ACTION ALLEGATIONS

42.     Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of herself and as a class defined below:

> **California Class ("Class" and/or "Class Members"):** All individuals who, from four years prior to filing of this Complaint through to date of certification purchased 7-Select Aloe After Sun Burn Relief Gel in California.

43.     Excluded from the Class are Defendants, any entity in which Defendants have a controlling interest, and Defendants' agents, legal representatives, predecessors, successors, assigns, franchisees and employees. Also excluded from the Class are the judge and staff to whom this case is assigned, and any member of the judge's immediate family.

44.     Plaintiff reserves the right to revise the definition of the Class based on facts learned during discovery.

45.     **Numerosity** - **Federal Rule of Civil Procedure 23(a)(l).** The exact number of persons in the Class, as herein identified and described, is unknown but is estimated to number in the thousands. The Class is so numerous that joinder of individual members herein is impracticable. The precise number of Class Members is presently unknown to Plaintiff, but may be ascertained from Defendants' books and sales records. Class Members may be notified of the pendency of this action by mail, email, Internet and instore postings, and/or publication.

46.     Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff nor her counsel has any interest adverse to those of the other members of the Class.

47.     Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitive, and will have no effective remedy. The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication.

48.     Defendants have acted and failed to act on ground generally applicable to the Plaintiff and the other members of the Class in falsely advertising and mislabeling its products as containing aloe vera, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward members of the Classes.

CLASS ACTION COMPLAINT

49.     The factual and legal basis of Defendants' liability to Plaintiff and to Class members are the same, resulting in injury to the Plaintiff and to all of the other Class members as a result of the Defendants' conduct of falsely advertising and mislabeling its products as containing aloe vera. Plaintiff and Class members have suffered harm and damages a result of Defendants' unlawful and wrongful conduct.

50.     **Commonality and Predominance- Federal Rule of Civil Procedure 23(a)(2) and 23(b)(3)**. There are many questions of law and fact common to the claims of Plaintiff and the Class members, and those questions predominate over any questions that may affect individual members of each Class. Common questions for the Classes include but are not limited to the following:

a)  Whether Defendants' name of the product and use of images of aloe vera plant leafs constitute an express warranty that the product contains aloe vera;

b)  Whether Defendants breached their express warranties with Plaintiff and class members;

c)  Whether Defendants' labeling is unlawful, unfair, deceptive, or misleading to reasonable consumers under UCL;

d)  Whether Defendants' conduct violates Cal. Bus. & Profs. Code §17200, Cal. Civil Code §1750, and the Cal. Bus. & Profs. Code §17500.

e)  Whether Defendants' product contain aloe vera or aloe barbadensis;

f)  Whether a reasonable consumer would expect that products labeled with an image of a green leaf and the words "with aloe" would in fact contain aloe vera or aloe barbadensis as an ingredient;

g)  Whether, as a result of Defendants' conduct, Plaintiff and the class members are entitled to equitable relief and/or other relief, and, if so, the nature of such relief; and

h)  The method of calculation and extent of damages for Plaintiff and members of the Classes.

51.     Defendants engaged in a common course of conduct giving rise to the legal rights Plaintiff seeks to enforce, on behalf of herself and the other Class Members. Similar or identical statutory and common law violations, business practices, and injuries are involved. Individual questions, if any, pale in comparison, in both quality and quantity, to the numerous common questions that dominate this action.

52.     **Typicality - Federal Rule of Civil Procedure 23(a)(3).** Plaintiff's claims are typical of the claims of the other members of the Class because, among other things, all Class Members were comparably injured through Defendants' uniform misconduct described above. Further, there are no defenses available to Defendants that are unique to Plaintiff or to any particular Class Members.

53.     **Adequacy of Representation - Federal Rule of Civil Procedure 23(a)(4).** Plaintiff is an adequate Class representative because her interests do not conflict with the interests of the other Class Members she seeks to represent; she has retained counsel competent and experienced in complex class action litigation; and she will prosecute this action vigorously. Plaintiff and the undersigned counsel will fairly and adequately protect the Classes' interests.

54.     **Insufficiency of Separate Actions- Federal Rule of Civil Procedure 23(b)(l).** Absent a representative class action, members of the Classes would continue to suffer the harm described herein, for which they would have no remedy. Even if separate actions could be brought by individual consumers, it would not be desirable. The resulting multiplicity of lawsuits would cause undue burden and expense for both the Court and the litigants, as well as create a risk of inconsistent rulings and adjudications that might be dispositive of the interests of similarly situated purchasers, substantially impeding their ability to protect their interests, while establishing incompatible standards of conduct for Defendants. The proposed Classes thus satisfy the requirements of Fed. R. Civ. P. 23(b)(l).

CLASS ACTION COMPLAINT

55.    **Superiority - Federal Rule of Civil Procedure 23(b)(3).** A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Plaintiff and the other members of the Classes are relatively small compared to the burden and expense that would be required to individually litigate their claims against Defendants, so it would be impracticable for Class Members to individually seek redress for Defendants' wrongful conduct. Even if Class Members could afford individual litigation, the court system could not. Individualized litigation would create a potential for inconsistent or contradictory judgments, and increase the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

herein.

## VI.    CLAIMS ALLEGED

### FIRST CLAIM FOR RELIEF

### Violation of the California Commercial Code, Section 2313,

### Breach of Express Warranty

### (On behalf of Plaintiff and the Class Against All Defendants)

56.    Plaintiff repeats and re-alleges the allegations of the preceding paragraphs as if fully set forth herein.

57.    Defendants produced, advertised, marketed, and distributed products with the affirmation of fact, promise, and description on the packaging that the product contained aloe vera, aloe gel, or Aloe Barbadensis leaf extract.

58.     These written promises became part of the basis of the bargain between the parties and thus constitutes and express warranty, which the Defendants breached; the Product did not contain Aloe.

59.     Plaintiff and members of the Class relied on these affirmations of fact, promises, and descriptions in that they were part of the basis of the bargain under which Plaintiff and members of the Class purchased Defendants' products.

60.     Defendants breached these express warranties by producing, distributing, and marketing products to Plaintiff and Class members that did not conform to the affirmations of fact, promises, and/or descriptions made on the packaging (i.e., that the product contained aloe vera, aloe gel, or Aloe Barbadensis leaf extract).

61.     Defendants have been on notice of their breach of these express warranties as they manufactured the product and designed the labeling. Further, they knew or should have known that its Product contained no detectible levels of aloe vera, aloe gel, or Aloe Barbadensis leaf extract and that the Product does not conform to Defendants' affirmations and promises described above.

62.     Plaintiff and members of the Class would not have purchased the Product had they known its true nature, namely that it does not contain any aloe vera, aloe gel, or Aloe Barbadensis leaf extract.

63.     As a proximate result of Defendants' breach of its express warranty, Plaintiff and members of the Class sustained damages, including but not limited to the purchase price of the product and/or the premium paid for the product.

64.     Plaintiff, on behalf of herself and the Class, is entitled to damages and other legal and equitable relief, including, a right of reimbursement, as well as costs, expenses and attorneys' fees.

65.    Plaintiff brings this action as a private attorney general, and to vindicate and enforce an important right affecting the public interest. Plaintiff and the Class are therefore entitled to an award of attorneys' fees under Code of Civil Procedure section 1021.5 for bringing this action.

66.    On April 3, 2017, prior to filing this Complaint, Plaintiff sent Defendants a pre-suit demand letter requesting the relief sought in this Complaint and notifying Defendants of the alleged breach of express warranty related to Defendants' marketing and labeling of its Product. Defendants responded to Plaintiff, denying any wrongdoing on their part.

## SECOND CLAIM FOR RELIEF

**Violations of the Consumers Legal Remedies Act,**

**California Civil Code Section 1750, *et seq.***

**(On behalf of Plaintiff and the Class Against All Defendants)**

67.    Plaintiff repeats and re-alleges the allegations of the preceding paragraphs as if fully set forth herein.

68.    The California Consumer Legal Remedies Act, Section 1750 of the California Civil Code (CLRA), protects consumers against fraud, unlawful practices, and unconscionable commercial practices in connection with the sale of any merchandise.

69.    Plaintiff and members of the Class are "consumers" as defined by Section 1761(d) of California Code because they sought or acquired Defendants' good for personal, family, or household purposes.

70.    Defendants' products are "goods" within the meaning of Section 1761(a) of the California Civil Code as they are tangible chattels bought for personal, family, or household purposes.

71.    Defendants are "Persons" under the CLRA. Cal. Civ. Code. §1761(c).

72.    Plaintiff and the putative Class members' purchases of the Product constitute "Transactions" under the CLRA. Cal. Civ. Code §1761(e).

73.    Defendants manufactured, licensed, distributed, and marketed products containing aloe vera, aloe gel, or Aloe Barbadensis leaf extract when, in fact, they do not. Such conduct constitutes a violation of the California Consumer Legal Remedies Act as specified below.

74.    Defendants' conduct violated and continues to violate the Consumer Legal Remedies Act by engaging in the following practices proscribed by section 1770(a), subsections (2), (5), (7), and (9) of the California Civil Code, respectively, in transactions with Plaintiff and members of the Class, which were intended to result in, and did result in, the sale of the products in that Defendants: misrepresenting the source, sponsorship, approval, or certification of goods or services; misrepresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have; representing that goods or services are of a particular standard, quality, or grade ... if they are of another; and advertising goods or services with intent not to sell them as advertised.

75.    Plaintiff and other members of the Class reasonably relied upon and were deceived by Defendants' representations that its products contain aloe vera, aloe gel, or Aloe Barbadensis leaf extract.

76.    Pursuant to section 1782(d) of the California Civil Code, Plaintiff, on behalf of herself and the Class seeks a Court order enjoining Defendants from such future conduct and any other such orders that may be necessary to rectify the fraudulent, unlawful, unconscionable commercial practices, and fraudulent business practices of Defendants, including requiring Defendants to cease mislabeling of its products as containing aloe vera, aloe gel, or Aloe Barbadensis leaf extract.

///

**THIRD CLAIM FOR RELIEF**

**Violations of the False Advertising Act,**

**California Business & Professions Code Section 17500,** *et seq.,*

**(On behalf of Plaintiff and the Class Against All Defendants)**

77.     Plaintiff repeats and re-alleges the allegations of the preceding paragraphs as if fully set forth herein.

78.     Section 17500 of the California False Advertising Act prohibits the dissemination of statements that are untrue, misleading, and which are known, or which by the exercise of reasonable care should be known, to be untrue or misleading.

79.     Defendants' acts and practices violated Section 17500 of the California False Advertising Act. Defendants disseminated untrue and misleading statements to Plaintiffs and members of the Class by mislabeling its products as containing aloe vera, aloe gel, or Aloe Barbadensis leaf extract.

80.     Defendants' statements were untrue and misleading in material respects because Plaintiff and members of the Class would not have purchased, or would not have paid as much for, the product had they known that did not contain any aloe vera, aloe gel, or Aloe Barbadensis leaf extract.

81.     Defendants' use of statements and imagery on the product packaging and name had the capacity, likelihood and tendency to deceive and confuse consumers into believing that the product contained aloe vera, aloe gel, or Aloe Barbadensis leaf extract.

82.     Defendants, as the manufacturers and designers of its packaging, knew or should have known, with the exercise of reasonable care, that the products they were offering to consumers do not contain any aloe vera, aloe gel, or Aloe Barbadensis leaf extract and that consumers would

be misled into believing that the products contained those ingredients. Therefore, Defendants knew or should have known that their statements were untrue and misleading.

83.    Plaintiff and members of the Class were induced to purchase and/or pay a premium for Defendants' product based on Defendants' untrue and misleading statements.

84.    Plaintiff and members of the Class were aware of and reasonably relied on Defendants' untrue and misleading statements.

85.    Defendants disseminated untrue and misleading statements about the ingredients and quality of its products with the intent not to sell them as advertised.

86.    Pursuant to section 17535 of the California Business and Professions Code, Plaintiff, on behalf of herself and the Class seeks restitution and a Court order enjoining Defendants from such future conduct and any other such orders as may be necessary to rectify Defendants' mislabeling and false advertising, including requiring Defendants to cease misrepresenting that its products contain aloe vera, aloe gel, or Aloe Barbadensis leaf extract.

87.    Plaintiff brings this action as a private attorney general, and to vindicate and enforce an important right affecting the public interest. Plaintiff and members of the Class are therefore entitled to an award of attorneys' fees under Code of Civil Procedure section 1021.5 for bringing this action.

**FOURTH CLAIM FOR RELIEF**

**Violations of California Business & Professions Code,**

**Section 17200, *et seq.*, Unlawful, Unfair and**

**Fraudulent Business Acts and Practices**

**(On behalf of Plaintiff and the Class Against All Defendants)**

88.    Plaintiff repeats and re-alleges the allegations of the preceding paragraphs as if fully set forth herein.

CLASS ACTION COMPLAINT

89.     Section 17200 of the California Business & Professions Code, known as the Unfair Competition Law ("UCL"), prohibits any "unlawful, unfair or fraudulent business act or unfair, deceptive, untrue or misleading advertising…" Section 17200 specifically prohibits any ""unlawful business act or practice."

90.     The UCL borrows violations of other law and statutes and considers those violations also to constitute violations of California law.

91.     Defendants' acts and practices as detailed herein, were at all times during the Class Period, and continue to be, acts of unfair competition. Defendants have engaged in unlawful, unfair or fraudulent business acts and/or practices within the meaning of California Business & Professions Code, section 17200, *et seq.* Defendants need only violate one of the three prongs to be held strictly liable.

92.     Defendants have engaged in "unlawful" business acts and practices by manufacturing, promoting, and distributing products as containing aloe vera, aloe gel, or Aloe Barbadensis leaf extract, when, in fact, none of those ingredients are in the product. Defendants' business acts and practices violate the California Business and Professions Code, section 17500, *et seq.* and the California Consumer Legal Remedies Act, California Civil Code, Section 1750, *et seq.,* as alleged herein.

93.     Defendants' acts and practices are further "unlawful" because the Product is "misbranded" under 21 U.S.C. 362(a) – "[a] cosmetic is considered misbranded – (a) if its labeling is false or misleading in any particular".  The Product is further mislabeled under 21 C.F.R. § 701 .1 (b), which deems cosmetics misbranded when "(t]he labeling of a cosmetic which contains two or more ingredients [is designated] in such labeling by a name which includes or suggests the name of one or more but not all such ingredients." This is deemed misbranding "even though the names of all such ingredients are stated elsewhere in the labeling."

94.    Defendants declare "aloe vera" and/or "aloe gel" on their packaging as a characterizing ingredient even where aloe vera, aloe gel, or Aloe Barbadensis leaf extract is not actually present in the product.

95.    The product is therefore misbranded under both 21 U.S.C.  362(a) and under 21 C.F.R. § 701 .1 (b) because the packaging is false and misleading in that it conveys the message that aloe vera, aloe gel, or Aloe Barbadensis leaf extract is contained in the product.

96.    Defendants' aloe vera and aloe gel products are marketed and sold for relief of burns, sunburns, and similar skin conditions that benefit from the healing properties of aloe, but because the Product does not actually contain any aloe vera, aloe gel, or Aloe Barbadensis leaf extract, it is unlawfully misbranded under the FDA's regulations.

97.    Plaintiff reserves the right to identify additional provisions of the law violated by Defendants as further investigation and discovery warrants.

98.    Defendants' failure to comply with the above statutes and regulations constitute an unlawful business act or practice.

99.    Section 17200 of the California Business & Professional Code also prohibits any "unfair business act or practice." As described above, Defendants have engaged in "unfair" business acts or practices in that they falsely labeled products as containing aloe vera, aloe gel, or Aloe Barbadensis leaf extract, when, in fact, those products do not contain any of those ingredients.

100.    The gravity of the harm to Plaintiff and members of the Class outweighs any arguable utility of Defendants' conduct. Plaintiff's injury is substantial, is not outweighed by any countervailing benefit to consumers or competition, and is not one that consumers could have reasonably avoided.

101.    Defendants' conduct offends California public policy tethered to the California Consumer Legal Remedies Act, the California False Advertising Law, and the FDCA, which are

CLASS ACTION COMPLAINT

intended to preserve fair competition, to protect consumers from market distortions, and to allow consumers to make informed choices in their purchasing products.

102. Defendants' actions are immoral, unethical, unscrupulous, and offend established public policy, and have injured Plaintiff and other members of the Class.

103. Section 17200 also prohibits any "fraudulent business act or practice." Defendants' conduct constituted "fraudulent" business acts or practices in that their conduct had a tendency and likelihood to deceive persons to whom such conduct was and is targeted by falsely labeling products as containing aloe vera, aloe gel, or Aloe Barbadensis leaf extract, when, in fact, they do not.

104. Plaintiff and members of the Class were deceived by Defendants' representations as to whether the products contained aloe vera, aloe gel, or Aloe Barbadensis leaf extract.

105. Plaintiff and members of the Class reasonably relied on Defendants' representations. As the California Supreme Court has explained, "Simply stated: labels matter. The marketing industry is based on the premise that labels matter, that consumers will choose one product over another similar product based on its label and various tangible and intangible qualities they may come to associate with a particular source." *Kwikset Corp. v. Superior Court,* 51 Cal. 4th 310, 328 2 (2011).

106. Plaintiff and members of the Class have suffered injuries as a direct and proximate result of the unlawful, unfair, and fraudulent business practices of Defendants in that they purchased products that they would not have purchased, or they would have paid less for the products, had they known that the products did not contain any aloe vera, aloe gel, or Aloe Barbadensis leaf extract.

107. Pursuant to section 17203 of the California Business and Professions Code, Plaintiff, on his own behalf and on behalf of the Class, seeks restitution and a Court order enjoining Defendants from such future conduct and any other such orders that may be necessary to rectify the

unlawful, unfair, and fraudulent business practices of Defendants, including requiring Defendants to cease mislabeling its products as containing aloe vera, aloe gel, or Aloe Barbadensis leaf extract.

108.    Plaintiff brings this action as a private attorney general, and to vindicate and enforce an important right affecting the public interest. Plaintiff and members of the Class are therefore entitled to an award of attorneys ' fees under Code of Civil Procedure section 1021.5 for bringing this action.

WHEREFORE, Plaintiff Sandy Garcia, on behalf of herself and members of the Class, prays for the following relief:

a)  An order certifying the Class as defined above;

b)  An award of actual damages;

c)  An injunction requiring Defendants to cease misrepresenting that their products contain aloe vera, aloe gel, or Aloe Barbadensis leaf extract and requiring Defendants to provide a notice to consumers who already purchased the product;

d)  For any and all other relief available under Business and Professions Code sections 17200, *et. seq.,* including but not limited to disgorgement of profits received through Defendants' unfair business practices and restitution;

e)  An award of reasonable attorneys' fees and costs;

f)  For pre-judgment interest on the sums owing; and

g)  For such other and further relief as the Court deems just and proper.

///

///

///

///

///

CLASS ACTION COMPLAINT

1

**<u>JURY DEMAND</u>**

2

  Plaintiffs demand a trial by jury on all issues so triable. Plaintiff also respectfully requests

3

leave to amend this Complaint to conform to evidence, if such amendment is needed for trial.

4

5

6

Dated:  July 27, 2017          **LATTIE | MALANGA | LIBERTINO, LLP**

7

8

               /s/ Gerald B. Malanga

9

         By:   Gerald B. Malanga, Esq.

10

               Attorneys for Plaintiff Sandy Garcia, individually and on behalf of all others similarly situated

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT